UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 23-0486 (CJN) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Department of Justice, by and through undersigned counsel, hereby moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of Defendant's motion are a memorandum of points and authorities, the declaration of Michael G. Seidel and its accompanying exhibits, a statement of material facts as to which there is no genuine issue, and a proposed order.

Dated: October 3, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 23-0486 (CJN) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF <u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Department of Justice ("Department" or "Defendant"), by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of the Department's motion for summary judgment. Plaintiffs, Heritage Foundation and Mike Howell (collectively "Plaintiffs"), submitted a three-part Freedom of Information Act ("FOIA") request, seeking records from the Federal Bureau of Investigation ("FBI") concerning the allocation of FBI resources as it relates to the possible politicization of the FBI. Plaintiffs also sought a public interest fee waiver. As explained further below, the FBI searched all areas reasonably calculated to uncover responsive records in response to Request No. 1561287-000 (Item 1). Also, in terms of Plaintiffs' public interest fee waiver request and the remaining two FOIA requests—Request Nos. 1561770-000 and 1561282-000 (Items 2 and 3)—Plaintiffs failed to exhaust their administrative remedies. Accordingly, the Court should enter summary judgment in the Department's favor.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

For brevity's sake, the FBI respectfully refers the Court to the "Statement of Material Facts as To Which There Is No Genuine Issue" for the factual and procedural background of this FOIA case.

Most relevant here, however, for processing efficiency purposes, the FBI divided Plaintiffs' three-part FOIA request into three separate FOIA requests and assigned a separate FOIA request number to each of the three subjects of Plaintiffs' request. *See* Decl. of Michael G. Seidel ("Seidel Decl.") ¶¶ 6-9. Specifically, the FBI assigned FOIA request number 1561287-000 in

---

[1] Plaintiffs recently moved for leave to file an amended complaint to include a purported policy or practice claim (ECF No. 9). The Department is simultaneously filing an opposition to that motion for leave. If the Court grants Plaintiffs' motion and permits the proposed amended complaint docketed as the operative complaint, Defendant reserves the right to supplement this summary judgment motion to address Plaintiffs' amended claim.

response to Plaintiffs' item 1 (records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation special agents assigned to the Washington Field Office from January 6, 2021 to April 6, 2021), request number 1561770-000 in response to Plaintiffs' item 2 (records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation, Washington Field Office special agents from January 6, 2021 to April 6, 2021 attributed to time investigating any and all matters related to the riot of January 6, 2021; to include but not limited to investigative hours attributed to 176 and/or 89B), and request number 1561282-000 in response to Plaintiffs' Item 3 (any and all records pertaining to Federal Bureau of Investigation, Washington Field Office special agents being required to work overnight shifts pursuant to January 6, 2021 riot from January 6, 2021 to April 6, 2021). *Id.* ¶¶ 6-8.

All the FBI correspondence and notifications with Plaintiffs contained one of these FOIA numbers to allow Plaintiffs to keep track of the particular FOIA request and subject of the request that was being processed. *Id.* ¶ 9.

## STANDARD OF REVIEW

**I.    Summary Judgment Standard.**

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Id.* Once the moving party has met its burden, the nonmoving part may not rest

upon the mere allegations or denials of his pleading but must instead establish more than "the mere existence of a scintilla of evidence" in support of his position. *Id.* Thus, summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]." *Id.* When determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

II.     **Summary Judgment Standard as Applied to FOIA Cases.**

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in a light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with FOIA. *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). The court may award summary judgment based solely upon the information provided in affidavits or declarations when those affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail… and are not controverted by either contrary evidence in the record, nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents." *Brown v. Dep't of Just.*, 742 F. Supp. 2d 126, 129 (D.D.C. 2010).

**ARGUMENT**

I.     **The FBI Conducted a Reasonable Search.**

The FBI fulfilled its obligation to search for records responsive to Request No. 1561287-000 (Item 1). Under FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir.

3

1983). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). A FOIA search is sufficient "if the agency makes 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" *Baker & Hostetler LLP v. Dep't of Com.*, 473 F.3d 312, 318 (D.C. Cir. 2006) (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)). This standard of reasonableness "depends, not surprisingly, on the facts of each case." *Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *see also Steinberg*, 23 F.3d at 551; *Mobley v. CIA*, 806 F.3d 568, 580 (D.C. Cir. 2015) ("This court applies a reasonableness standard to determine whether an agency performed an adequate search."). A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see also Oglesby v. Dep't of Army*, 920 F.2d 57, 68 n.13 (D.C. Cir. 1990) (rejecting argument that a search was inadequate because it did not uncover "documents that [plaintiff] claims must exist"); *Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (noting that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). Indeed, "[t]he question is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was adequate." *Steinberg*, 23 F.3d at 551 (emphasis in original) (quoting *Weisberg*, 745 F.2d at 1485); *see also Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (explaining that the adequacy of a search "is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search").

The agency bears the burden of showing that its search was calculated to uncover relevant records. An agency may establish the adequacy of its search by submitting reasonably detailed, nonconclusory affidavits describing its efforts. *Baker & Hostetler*, 473 F.3d at 318. It is not obligated to "set forth with meticulous documentation the details of an epic search for the requested records." *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents. *SafeCard Servs.*, 926 F.2d at 1200, 1201 ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."). Absent contrary evidence, agency affidavits are sufficient to demonstrate the agency's compliance with FOIA. *See Perry*, 684 F.2d at 127.

Here, Request No. 1561287-000 (Item 1) sought records on the total number of labor hours validated in the WebTA time and attendance system by FBI special agents assigned to the Washington Field Office from January 6, 2021 to April 6, 2021. *See* Seidel Decl. ¶¶ 6, 16; *see also* Compl. ¶ 7 (ECF No. 1). For Request No. 1561287-000 (Item 1), the FBI conducted a targeted search by reaching out to offices within the FBI who was reasonably likely to maintain records to the extent such records exist and are responsive under the FOIA. *See* Seidel Decl. ¶ 28. Specifically, the FBI, via the Record/Information Dissemination Section, conducted a targeted search of the Performance Management Unit, Resource Planning Office, in the Office of the Associate Deputy Director because the unit, given its mission and functions, is the office reasonably expected to maintain any responsive records. *Id.* ¶ 29. The Performance Management Unit is responsible for organizing and making management data accessible to the FBI to inform decisions on program management, resource allocation and organizational planning. *Id.* The Performance Management Unit structures and arranges information related to various aspects the

FBI operations and resources and ensures that crucial data is readily available and easily retrievable when needed.  *Id.*  To assist with the search, the Record/Information Dissemination Section provided the Performance Management Unit with a copy of Plaintiffs' request letter.  *Id.*

The Performance Management Unit Ran a report within the Integrated Reporting Intelligence System[2] called "Individual Hours Detail."  *Id.* ¶ 30.  This report was then filtered to Washington Field Office Special Agents within the time frame provided by Plaintiffs.[3]  *Id.*  The search described above netted a one-page report, which was provided to Plaintiffs on March 8, 2023, without redactions.  *Id.*

In sum, the FBI conducted a search that was reasonably calculated to locate all records responsive to Request No. 1561287-000 (Item 1) and it determined that there were no other places to search that would likely contain responsive records nor did Plaintiffs provide any additional information beyond the request for the FBI to reasonably conclude that records responsive to their FOIA request would reside in any other location.  *Id.* ¶ 31.

Accordingly, based on the facts of this case and as shown in the FBI's declaration, the FBI met its search obligations, and this Court should enter summary judgment in favor of the Department on Request No. 1561287-000 (Item 1).

---

[2]  The Integrated Reporting Intelligence System is a reporting platform that aggregates raw data from multiple systems to allow users to generate meaningful reports.  *See* Seidel Decl. ¶ 30 n. 6.

[3]  Plaintiffs' request was for the timeframe of January 6, 2021 to April 6, 2021.  However, the reporting system aggregates by Pay Periods, not by days.  The dates given by Plaintiffs were in the middle of certain Pay Periods, making it challenging to precisely adhere to the exact requested timeframe.  Despite this constraint, in a good faith effort, the FBI provided Plaintiff with the relevant information from the closest Pay Periods available, covering the period January 3, 2021 through April 10, 2021.  *See id.* ¶ 30 n. 7.  This represents the most comprehensive data assessable within the system.  *Id.*

II. **Plaintiffs Failed to Exhaust Their Administrative Remedies Under FOIA For the Public Interest Fee Waiver and Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3).**

Prior to filing their complaint with the Court, Plaintiffs failed to appeal the FBI's denial of the public interest fee waiver and the FBI's final determination regarding Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3). Therefore, Plaintiffs failed to exhaust administrative remedies as those claims as required under the FOIA.

It is settled law that prior to seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA. *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted). A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA and agency regulations, including failure to administratively appeal an adverse determination on a FOIA request. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003). As the D.C. Circuit has explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Oglesby*, 920 F.2d at 61. "If the requester fails to exhaust administrative remedies before filing suit, a court can dismiss the complaint or grant summary judgment for the agency." *Kolbusz v. FBI*, Civ. No. A. 17-319 (EGS/GMH), 2021 WL 1845352, at *7 (D.D.C. Feb. 17, 2021), *R. & R. adopted*, 2023 WL 2072481 (D.D.C. Feb. 17, 2023) (citations omitted). "Failure to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim[.]" *Id.* (citations omitted).

As mentioned above, in response to Plaintiffs' FOIA request, the FBI assigned separate FOIA request numbers to each of the three subjects in Plaintiffs' request (i.e., Request No. 1561287-000, 1561770-000, and 1561282-000). *See* Seidel Decl. ¶¶ 6-9. All the FBI correspondence and notifications with Plaintiffs contained one of these FOIA numbers to allow Plaintiffs to keep track of the particular FOIA request and subject of the request that was being processed. *See id.* ¶ 9.

On September 27, 2022, the FBI advised Plaintiffs their request for a public fee waiver was reviewed and denied. *Id.* ¶ 14. The FBI also provided clear instructions regarding appeal rights—namely, the FBI informed Plaintiffs they could appeal the FBI's response to the Department's Office of Information Policy within ninety days of its letter, contact the FBI's public liaison, and or seek resolution services by contracting the Office of Government Information Services. *Id.* ¶ 15. To date, Plaintiffs have not appealed that denial.

As to Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3), the FBI sent two separate final determination letters, on November 21 and 29, 2022, in response to Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3). *Id.* ¶¶ 21-22, 25-26. Each final determination letter included the assigned request number, the associated subject of the request, and also clear instructions regarding appeal rights. *Id.* ¶¶ 9, 19, 21-23, 25-26. Both determination letters explained to Plaintiff that the FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data and rather the FOIA requires agencies to provide access to reasonably described, nonexempt records. *Id.* ¶¶ 21, 25. The two letters also informed that the FBI would close out Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3), Plaintiffs could contact the FBI to ascertain how to reasonably describe their request and provided detailed instructions on how and when to appeal the

determinations. *Id.* To date, Plaintiffs have not appealed those determinations. Prior to filing this FOIA case, Plaintiffs did not administratively appeal the FBI's denial of the public interest fee waiver or the FBI's final determinations of Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3). *Id.* ¶¶ 22, 26. Therefore, Plaintiffs failed to exhaust their administrative remedies as to those issues.[4]

Accordingly, the Department is entitled to judgment as a matter of law on the denial of the public interest fee waiver and determinations of Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3).

\*     \*     \*

---

[4] Even if Plaintiffs timely exhausted their administrative remedies Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3) for subparts 2 and 3 of the FOIA request, the FBI would not have been able to conduct a search for responsive records because the FBI does not maintain the specific data sought by Plaintiffs in this request in a readily reproducible format. *See* Seidel Decl. ¶¶ 33-36. As such, the FBI would not have been able to complete their request as the FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data. *See id.*

9

## CONCLUSION

For the reasons set forth above, the Department respectfully requests that the Court enter judgment in its favor.

Dated: October 3, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 23-0486 (CJN) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendant Department of Justice ("Department" or "Defendant") respectfully submits this statement of material facts as to which there is no genuine issue. The information herein is largely repeated from the declaration of Michael G. Seidel ("Seidel Decl."), who describes the procedural history and the search for documents responsive to the request under the Freedom of Information Act submitted by Plaintiffs, Heritage Foundation and Mike Howell (collectively "Plaintiffs").

1. By electronic FOIA (eFOIA) dated September 13, 2022, Plaintiffs submitted a three-part FOIA request to the Federal Bureau of Investigation ("FBI") seeking:

> 1. Records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation special agents assigned to the Washington Field Office from January 6, 2021 to April 6, 2021.
>
> 2. Records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation, Washington Field Office special agents from January 6, 2021 to April 6, 2021 attributed to time investigating any and all matters related to the riot of January 6, 2021; to include but not limited to investigative hours attributed to 176 and/or 89B.
>
> 3. Any and all records pertaining to Federal Bureau of Investigation, Washington Field Office special agents being required to work overnight shifts pursuant to January 6, 2021 riot from January 6, 2021 to April 6, 2021.

*See* Seidel Decl. ¶ 5; *see also* Compl. ¶ 7 (ECF No. 1).

2. Plaintiffs also requested a waiver of all fees associated with the processing of their request. Seidel Decl. ¶ 5.

## I. Fee Waiver

3. By letter dated September 27, 2022, the FBI advised Plaintiffs that their request for a public fee waiver was denied, and Plaintiffs were informed that they could appeal the FBI's response. *Id.* ¶ 14.

4. Plaintiffs did not appeal the FBI's denial of the public fee waiver request. *Id.* ¶ 15.

## II. Administrative History of Plaintiffs' FOIA Requests

5. The FBI, via the Record/Information Dissemination Section, assigned a FOIA request number to each of the three subjects in Plaintiffs' request, and sent a separate letter for each subject which notified Plaintiffs of the assigned FOIA request numbers for each subject. *Id.* ¶ 9.

### A. Request No. 1561287-000: The FBI's Response to Request Item 1.

6. The FBI notified Plaintiffs that it assigned FOIA request number 1561287-000 to Plaintiffs' Item 1: Records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation special agents assigned to the Washington Field Office from January 6, 2021 to April 6, 2021. *Id.* ¶¶ 6, 16.

7. By letter dated March 8, 2023, the FBI made its final release of records to Plaintiffs, advising that one page had been reviewed and released in its entirety with no excisions of information. *Id.* ¶ 18.

**B.     Request No. 1561770-000: The FBI's Response to Request Item 2.**

8.     The FBI notified Plaintiffs that it assigned FOIA request number 1561770-000 to Plaintiffs' Item 2: Records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation, Washington Field Office special agents from January 6, 2021 to April 6, 2021 attributed to time investigating any and all matters related to the riot of January 6, 2021; to include but not limited to investigative hours attributed to 176 and/or 89B. *Id.* ¶¶ 7, 19.

9.     By letter dated November 21, 2022, the FBI informed Plaintiffs that the FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data and rather the FOIA requires agencies to provide access to reasonably described, nonexempt records. *Id.* ¶ 21.

10.    Request No. 1561770-000 (Item 2) was administratively closed. *Id.*

11.    The FBI further informed Plaintiffs that they could contact the FBI to ascertain how to reasonably describe their request by contacting foipaquestions@fbi.gov. *Id.*

12.    The FBI informed Plaintiffs they could appeal the FBI's response to the DOJ, Office of Information Policy within ninety (90) days of its letter, contact the FBI's public liaison, and or seek resolution services by contracting the Office of Government Information Services. *Id.*

13.    Plaintiffs did not appeal the FBI's final determination in terms of Request No. 1561770-000 (Item 2). *Id.* ¶ 22.

**C.     Request No. 1561282-000: The FBI's Response to Request Item 3.**

14.    The FBI notified Plaintiffs that it assigned FOIA request number 1561282-000 to Plaintiffs' Item 3: Any and all records pertaining to Federal Bureau of Investigation, Washington

Field Office special agents being required to work overnight shifts pursuant to January 6, 2021 riot from January 6, 2021 to April 6, 2021. *Id.* ¶¶ 8, 23.

15. By letter dated November 29, 2022, the FBI informed Plaintiffs the FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data and rather the FOIA requires agencies to provide access to reasonably described, nonexempt records. *Id.* ¶ 25.

16. The FBI also informed Plaintiffs that they could contact the FBI to ascertain how to reasonably describe their request by contacting foipaquestions@fbi.gov. *Id.*

17. Request No. 1561282-000 (Item 3) was administratively closed. *Id.*

18. The FBI informed Plaintiffs they could appeal the FBI's response to the DOJ, Office of Information Policy within ninety (90) days of its letter, contact the FBI's public liaison, and or seek resolution services by contracting the Office of Government Information Services. *Id.*

19. Plaintiffs did not appeal the FBI's final determination of Request No. 1561282-000 (Item 3). *Id.* ¶ 26.

**III. Procedures Used to Search for Responsive Records Concerning Request No. 1561287-000 (Item 1).**

20. In this case, the FBI determined that the request is not searchable in the Central Records System indices would not yield responsive records and thus the FBI conducts targeted searches of the offices within the FBI reasonably likely to maintain responsive records. *Id.* ¶ 28.

21. In such cases, the FBI relies upon the offices to conduct a search for responsive records and advise if any additional locations (such as other FBI divisions, units, etc.) may possess responsive record. *Id.*

22. The FBI, via the Record/Information Dissemination Section, conducted a targeted search of the Performance Management Unit, Resource Planning Office, in the Office of the

4

Associate Deputy Director because the unit, given its mission and functions, is the office reasonably expected to maintain any responsive records. *Id.* ¶ 29.

23. The Performance Management Unit is responsible for organizing and making management data accessible to the FBI to inform decisions on program management, resource allocation and organizational planning. *Id.*

24. The Performance Management Unit structures and arranges information related to various aspects the FBI operations and resources and ensures that crucial data is readily available and easily retrievable when needed. *Id.*

25. To assist with the search, the Record/Information Dissemination Section provided the Performance Management Unit with a copy of Plaintiffs' request letter. *Id.*

26. The Performance Management Unit ran a report within the Integrated Reporting Intelligence System called "Individual Hours Detail." *Id.* ¶ 30.

27. This report was then filtered to Washington Field Office Special Agents within the time frame provided by Plaintiffs. *Id.*

28. The one-page report was provided to Plaintiffs on March 8, 2023, without excisions. *Id.*

29. Plaintiffs did not provide additional information beyond the request, for the FBI to reasonably conclude that records responsive under the FOIA would reside in any other location. *Id.* ¶ 31.

30. There is no indication from the FBI's targeted search efforts that responsive records would reside in any other FBI location. *Id.*

\*   \*   \*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON, D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 23-0486 (CJN) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, the memoranda in support thereof and in opposition thereto, and the entire record herein, it is hereby:

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED that summary judgment is entered in favor of Defendant.


SO ORDERED, this _____ day of _____, 2023.


_____
Carl J. Nichols
United States District Judge