UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 23-0486 (CJN) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

By and through undersigned counsel, Defendant Department of Justice (the "Department"), respectfully opposes the motion for leave to file amended complaint (*see* ECF No. 9) filed by Plaintiffs, Heritage Foundation and Mike Howell (collectively "Plaintiffs"). In this case, Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records from the Federal Bureau of Investigation ("FBI") concerning the allocation of FBI resources as it relates to the possible politicization of the FBI. The FBI completed production and Plaintiffs now seek to amend their complaint to purportedly include a pattern or practice claim. The Department opposes Plaintiffs' motion for leave on the grounds that Plaintiffs' pattern or practice claim could not survive a motion to dismiss, meaning amendment as to that claim would be futile. In addition to futility grounds, permitting the amendment is unlikely to lead to an efficient outcome in this litigation because production is complete in this matter and the Department has also moved for summary judgment (ECF No. 13). For these reasons, as discussed more fully below, the Court should deny Plaintiffs' motion for leave to amend the complaint.[1]

## BACKGROUND[2]

By electronic FOIA (eFOIA) dated September 13, 2022, Plaintiffs submitted a three-part FOIA request to the FBI seeking records pertaining to time and attendance records. *See* Michael G. Seidel Declaration ("Seidel Decl.") ¶ 5 (ECF No. 13-1). Specifically, Plaintiffs requested:

---

[1]   To the extent Plaintiffs seek to schedule a date for oral arguments, the Court should deny their request. Local Civil Rule 7(f) provides the Court with broad discretion whether to hold a hearing on any matter. *See* LCvR 7(f) (stating "[A] party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the Court."). A hearing here neither advances judicial economy nor aids the Court in resolving Plaintiffs' current motion. Also, Plaintiffs did not seek this relief in their opening motion.

[2]   The full procedural history can be found in Defendant's Motion for Summary Judgement (ECF No. 13). Defendant only includes certain relevant background facts here to provide context for this Opposition.

    1.    Records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation special agents assigned to the Washington Field Office from January 6, 2021 to April 6, 2021.

    2.    Records sufficient to establish the total number of labor hours validated in WebTA by Federal Bureau of Investigation, Washington Field Office special agents from January 6, 2021 to April 6, 2021 attributed to time investigating any and all matters related to the riot of January 6, 2021; to include but not limited to investigative hours attributed to 176 and/or 89B.

    3.    Any and all records pertaining to Federal Bureau of Investigation, Washington Field Office special agents being required to work overnight shifts pursuant to January 6, 2021 riot from January 6, 2021 to April 6, 2021.

*Id.*

    The FBI completed production in this matter. More specifically, the FBI assigned each item of Plaintiffs' FOIA request a separate reference number. *Id.* ¶¶ 6-9. Item 1 of Plaintiffs' request was assigned Request No. 1561287-000, and the FBI made a 1-page release responsive to that portion of Plaintiffs' FOIA request on March 8, 2023. *Id.* ¶¶ 6, 16-18. Item 2 of Plaintiffs' FOIA request was assigned Request No. 1561770-000 and the FBI sent Plaintiff Howell a final determination letter on November 21, 2022, informing him that the request was being closed because Item 2 of the FOIA request posed a question and did not comply with the FOIA. *Id.* ¶¶ 7, 19-22. Item 3 of Plaintiffs' FOIA request was assigned Request No. 1561282-000 and the FBI sent Plaintiff Howell a final determination letter on November 29, 2022, informing him that the request was being closed because Part 2 of the FOIA request posed a question and did not comply with the FOIA. *Id.* ¶¶ 8, 23-26. Prior to filing their initial complaint on February 22, 2023, Plaintiffs did not appeal the FBI's final determination for Items 2 and 3. *Id.* ¶¶ 22, 26, 32.

    Plaintiffs now seek leave to file an amended complaint to include a pattern or practice claim (ECF No. 9). The Department now opposes Plaintiffs' motion for leave to file amended complaint.

**LEGAL STANDARD**

In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This standard is permissive, but certain factors nevertheless can provide a basis for denying leave to amend, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Hawthorne v. Rushmore Loan Mgmt. Servs., LLC*, Civ. A. No. 20-0393 (RDM), 2022 WL 6725957, at *2 (D.D.C. Oct. 10, 2022) (citation omitted). "Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 181-82); *see also Mwani v. Al Qaeda*, Civ. A. No. 99-0125 (GMH), 2022 WL 1170711, at *8 (D.D.C. Apr. 20, 2022) (citation omitted). "Thus, the 'review for futility is functionally identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint.'" *Id.* "A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint on the basis that it fails to state a claim upon which relief can be granted." *Id.*

**ARGUMENT**

In this case, Plaintiffs' proposed amendment would be futile because Plaintiffs failed to exhaust administrative remedies for the pattern or practice claim. More importantly, Plaintiff fail to sufficiently plead facts of any improper policy or practice by the FBI.

**I.     Plaintiffs Failed to Exhaust Administrative Remedies.**

Prior to seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA. *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies

3

is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted). A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA and agency regulations, including failure to administratively appeal an adverse determination on a FOIA request. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003). As the D.C. Circuit has explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Oglesby*, 920 F.2d at 61. "If the requester fails to exhaust administrative remedies before filing suit, a court can dismiss the complaint or grant summary judgment for the agency." *Kolbusz v. FBI*, Civ. No. A. 17-319 (EGS/GMH), 2021 WL 1845352, at *7 (D.D.C. Feb. 17, 2021), *R. & R. adopted*, 2023 WL 2072481 (D.D.C. Feb. 17, 2023) (citations omitted). "Failure to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim[.]" *Id.* (citations omitted).

In response to Plaintiffs' September 13, 2022, FOIA request (which seeks three distinct groups of records), the FBI assigned a separate FOIA request number to each of the three subjects of Plaintiffs' request (i.e., Request No. 1561287-000, 1561770-000, and 1561282-000) and sent a separate letter for each subject which notified Plaintiffs of the assigned request numbers for each subject. *See* Seidel Decl. ¶¶ 6-9, 16-17, 19-20, 23-24 (ECF No. 13-1). Prior to Plaintiffs filing its initial Complaint on February 2, 2023, the FBI sent two separate final determination letters, on November 21 and 29, 2022, in response to Request Nos. 1561770-000 and 1561282-000 (Items 2 and 3). *Id.* ¶¶ 19-26, 32. Each final determination letter included the assigned request number, the associated subject of the request, and clear instructions regarding appeal rights—namely, the

FBI informed Plaintiffs they could appeal the FBI's response to the Department's Office of Information Policy within ninety days of its letter, contact the FBI's public liaison, and or seek resolution services by contracting the Office of Government Information Services. *Id.* Plaintiffs never administratively appealed the FBI's final determinations in regards Request Nos. 1561770-000 and 1561282-000 (Items 2 and 3) nor did Plaintiffs mention any general objection to the FBI's processing of their request, including splitting Plaintiffs' single FOIA request into three separate requests. *Id.* ¶¶ 22, 26.

The proposed amended complaint, and the record, is devoid of any facts to mount a dispute.[3] Indeed, Courts in this jurisdiction make it clear that exhaustion requirements apply equally to claims challenging agency decisions regarding individual FOIA requests and to policy-or-practice claims arising from those requests. *See Khine v. United States Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 334 (D.D.C. 2018), *aff'd*, 943 F.3d 959 (D.C. Cir. 2019); *see also, e.g., id.* (the Court followed this Circuit's longstanding principles and dismissed Plaintiffs' claim, including policy-or-practice claim, for failing to exhaust their administrative remedies); *Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1476-77 (D.C. Cir. 1986) (affirming dismissal of policy-or-practice claim because, even though she administratively appealed the agency's initial response to her FOIA request, she "interposed no general objection to the [defendant's] processing of her request pursuant to" the challenged policy and therefore failed to exhaust her administrative remedies with respect to that claim).

---

[3]  Plaintiffs claim they appealed the October 27, 2022, denial on November 18, 2022, *see* ¶ 15 (ECF No. 9-11); however, this appeal refers to FOIA Request No.: 1561291-000, which is an entirely different FOIA request and not at issue in this action. The only FOIA request at issue in this action has three separate FOIA request designations: 1561287-000, 1561770-000, and 1561282-000. *See* Seidel Decl. ¶¶ 6-8 (ECF No. 13-1). Regardless, the appeal Plaintiffs refer to does not mention any objection to the FBI's processing of their request, including splitting the FOIA requests into separate requests. *See* Pls.' Ex. 6 at 2-3 (ECF No. 9-7).

5

Because Plaintiffs failed to exhaust their administrative remedies for the proposed the policy or practice claim, Plaintiffs' proposed amendment would be futile as it would not survive a Rule 12(b) challenge.

## II. In the alternative, Plaintiffs' FOIA Pattern or Practice Claim Fails as a Matter of Law.

Even if properly before the Court, Plaintiffs' pattern or practice claim is based on the FBI splitting Plaintiffs' FOIA request into three separate requests. *See* Pls.' Mot. ¶ 4 (ECF No. 9); *see also* Proposed Am. Compl. at 4-12, 14-15 (ECF No. 9-11). Plaintiffs simply cannot satisfy the high substantive standard needed to make out a "policy and practice" claim. The splitting of a single FOIA request into sperate requests to enhance search efficiency and ultimately provide records to requestors quickly does not involve the sort of egregious agency conduct essential to a pattern or practice claim under *Payne Enters., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988). "Policy and practice" claims are limited to extraordinary circumstances and courts have applied the pattern or practice doctrine sparingly. *See. e.g., Am. Ctr. for L.& Just. v. Dep't of State*, 249 F. Supp. 3d 275, 286 (D.D.C. 2017) ("Only a rare instance of agency delinquency would warrant an injunction [against an agency]"). Indeed, a plaintiff "must show that the agency (1) repeatedly violates FOIA through a (2) policy or practice that is 'sufficiently outrageous.'" *Am. Ctr. for L. & Just. v. Dep't of State*, 289 F. Supp. 3d 81, 87 (D.D.C. 2018) (quoting *Am. Ctr.*, 249 F. Supp. 3d at 281-82).

In this case, Plaintiffs' proposed amended complaint alleges that the FBI's practice engaged in a pattern or practice of splitting FOIA requests with "specifications" or "parts" into multiple requests: (1) assign individualized, non-sequential identification numbers to each specification; (2) do not definitively identify which request—or specification thereof—is being responded to; (3) do not explain in any way that FOIA requests have been split; (4) do not provide

the date that the request was received; and (5) often contain opaque descriptions of the request—or specification of a request the letter is responsive to—that *can* cause confusion. See Proposed Am. Compl. ¶ 18 (ECF No. 9-11). Plaintiffs also claim that FBI's practice or policy is contrary to 5 U.S.C. § 552(a)(3)(A), 5 U.S.C. § 552(a)(7)(A), 28 C.F.R. 16.3(b), and 28 C.F.R. 16.6(b). *Id.* ¶ 59. Plaintiffs' allegations lack any merit and are frivolous.

As the FBI's declaration describes, the FBI assigned a separate FOIA request number to each of the subjects in Plaintiffs' request and every letter of correspondence sent to Plaintiffs clearly identified the specific FOIA request numbers and the associated subject of the request at the top right heading portion of the letter.[4] *See* Seidel Decl. ¶¶ 7-9 (ECF No. 13-1). Also, the FBI's final determination letters identified the FOIA request numbers, the associated subject of the request identified in the top right portion of the letter and included clear instructions regarding the appeal rights. *See id.* ¶ 9. Indeed, the FBI's practice of splitting of a single FOIA request that seeks information on multiple subjects offers advantages for certain requests, including Plaintiffs' request. *Id.* ¶ 10. Specifically, splitting a FOIA request into separate requests or parts enables the FBI to assign an analyst to each subject, enhancing search efficiency and potentially allowing requestors to receive records more quickly for the portions of their request that involve smaller volumes of records, rather than automatically defaulting to the larger queue and longer processing times. *Id.* Additionally, splitting the subjects into separate cases allows for concurrent disclosure processing, which means that processors are able to make productions concurrently for each of the subjects of a request, rather than waiting to process a single FOIA request in full. *Id.*

---

[4] Indeed, Plaintiffs' amended complaint includes screenshots of each letterhead, which clearly shows the different FOIA request numbers assigned to each subject. *See* Purposed Am. Compl. at 6, 8, 10 (ECF No. 9-11).

In sum, the FBI has neither "adopted, endorsed, nor implemented any policy or practice that constitutes an ongoing failure to abide by the terms of the FOIA," *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 71 (D.D.C. 2016) (citation omitted). Nor did the FBI engage in any practice or policy or repeatedly refusing to produce documents or to otherwise comply with FOIA in an intentional bid to "hinder the release of non-exempt documents," *see Payne*, 837 F.2d at 494. Accordingly, Plaintiffs' pattern or practice claim fails as a matter of law, which renders Plaintiffs' proposed amendment futile.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to amend their complaint.

Dated: October 3, 2023                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
Assistant United States Attorney
D.C. Bar # 1632338
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 23-0486 (CJN) |

### [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' Motion for Leave to File Amended Complaint, Defendant's Opposition, and the entire record, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED, this _____ day of _____, 2023.

_____
Carl J. Nichols
United States District Judge