UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERITAGE FOUNDATION, et al.,

                    Plaintiffs,

            v.                                          Civil Action No. 23-0486 (CJN)

DEPARTMENT OF JUSTICE,

                    Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Department of Justice ("Defendant" or "Department"), by and through undersigned counsel, respectfully submits this Reply in support of its motion for summary judgment (ECF No. 13) and in response to Plaintiffs' Opposition (ECF No. 22).

As an initial matter, Plaintiffs concede that they do not contest the adequacy of the search pertaining to Request No. 1561287-000 (Item 1) (*see* Opp'n (ECF No. 22) at 1 n.1) and thus, the Court should enter judgment in favor of the Department on this request. The only remaining issue in this matter is whether the Plaintiffs' exhausted their administrative remedies both as to their public interest fee waiver request and the remaining two FOIA requests—Request Nos. 1561770-000 and 1561282-000 (Items 2 and 3). Plaintiffs, however, devote an entire page arguing that the Department waived arguments pertaining to the search relating to the remaining requests. Plaintiff is mistaken. The Department was under no obligation to move for summary judgment at this stage on an alternative ground, and no arguments pertaining to any search were warranted at this juncture because the Court can grant summary judgment in favor of the Department solely on Plaintiffs' failure to exhaust administrative remedies. As the Department previously demonstrated, and viewing the evidence most favorable to Plaintiffs, they failed to exhaust their administrative remedies pertaining to the public interest fee waiver and the remaining two requests and thus the Court should grant the Defendant's Motion. As discussed more fully below, Plaintiffs' Opposition provides no basis to conclude otherwise.

## ARGUMENT

Plaintiffs argue that they have constructively exhausted their administrative remedies. *See* Opp'n (ECF No. 22) at 3-9. More specifically, Plaintiffs assert that they submitted one email containing a multi-part request and because the FBI did not respond to Request No. 1561287-000

(Item 1) before they filed their lawsuit in this Court, they constructively exhausted claims. *Id.* Plaintiffs are wrong, and their arguments lack merit.

Plaintiffs first assert that they are the "masters of their request" and they only submitted one request and the FBI had no authority to split their requesting email into three separate requests. *Id.* at 3-4. Contrary to Plaintiffs' assertions the role of the requester is to "describe [the] records" sought, *see* 5 U.S.C. § 552(a)(3), while the role of the agency is to determine how to respond to the requests it receives, *see* 5 U.S.C. § 552(a)(6)(A)(i), which is what the FBI did here. Indeed, considerations of how to administratively process requests and determine resource allocation, agency priorities, and costs of alternatives are all well within the FBI's expertise and discretion and as a general matter. It is not the role of the judiciary or Plaintiffs to micromanage the FBI's administrative process or question how the FBI allocates resources. *See Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case-specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the court should attempt to micromanage the executive branch."). The FBI is mindful of the FOIA's purpose in mandating the "efficient, prompt, and full disclosure of information" by agencies, *Maydak v. Dep't of Just.*, 218 F.3d 760, 764 (D.C. Cir. 2000) (citation omitted), and with the FOIA's purpose in mind, the FBI divided Plaintiffs' requesting communication, which contained three separate parts, into three separate FOIA requests for processing efficiency purposes. *See* Seidel Decl. (ECF No. 13-1) ¶¶ 6-9.

Plaintiffs' suggestion that they can combine requests for disparate categories of records into a single requesting letter or email and force an agency to process that letter or email in full or not at all is unsupported by FOIA's text and reason. For example, under Plaintiffs' approach, a letter requesting under FOIA both a single report and a massive number of emails would prevent

an agency from issuing a final determination on the request for the report, even if it could do so in short order.  As such, any requester could obviate the need for any administrative FOIA appeals on requests for specific documents readily subject to final agency determinations by pairing them with a cumbersome search for myriad communications and coming to Court on both portions when an agency predictably fails to conclude an onerous email search within thirty days.  *See generally Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) ("It is likewise clear that a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted her remedies with respect to another aspect of a FOIA request.").  FOIA does not contemplate this, and the text of FOIA does not contemplate that a requester can insist on the combined processing of disparate requests for records merely by making them in the same letter or email to an agency.  Indeed, as Plaintiffs note, FOIA's text and the Department's FOIA regulations discuss processing matters on a "request" level, not at the letter or email level, and thus, it is appropriate for an agency where efficient to address each request in a letter or email that contains multiple requests separately.  *See* Opp'n (ECF No. 22) at 4-5.

Plaintiffs' suggestion that the FBI's practice is contrary to 28 C.F.R. § 16.5(d) is incorrect. Instead, that regulation specifically contemplates that the FBI will not process "multiple requests that involve unrelated matters" together, reinforcing FBI's approach that it addresses the practical realities of the requesting letters or emails to devise efficient processing for the requests contained therein.  Similarly, Plaintiffs' citation to general platitudes that a plaintiff is the "master" of its FOIA request does nothing to address the circumstances here.  Opp'n (ECF No. 22) at 3-4 (citing *People for Am. Way Found. v. Dep't of Just.*, 451 F. Supp. 2d 6, 12 (D.D.C. 2006)).  While the FBI cannot rewrite the text of the email or letter that Plaintiffs submitted, that does not mean that

a single letter or email containing multiple requests must be processed together.  Moreover, the Court's holding in *People of the American Way*, had nothing to do with this issue at all and instead dealt with the distinct issue of whether a plaintiff's narrowing of a request in joint status reports defines the scope of that request for litigation.  *Id.* at 12.

Ultimately, the FBI split Plaintiffs' requesting communication into three separate single requests.  Splitting a requesting communication into its component requests is compliant with FOIA and the Department's regulations.  The FBI, not Plaintiffs, is in the best position to identify appropriate procedures to allow them to comply with their FOIA obligations, including how best to efficiently process FOIA requests.

Next, Plaintiffs' assertions that they constructively exhausted their administrative remedies—because although the FBI responded to its public interest fee waiver request and Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3), the FBI did not respond to Request No. 1561287-000 (Item 1)—are wrong and contrary to FOIA and this Circuit's precedent. Contrary to Plaintiff's assertions, the D.C. Circuit has indeed held that "a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted her remedies with respect to another aspect of a FOIA request."  *Dettmann*, 802 F.2d at 1477.

FOIA's statutory scheme "specifically provides for an administrative appeal process following an agency's denial of a FOIA request," *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990), or otherwise requires that the requester appeal any adverse determination of their FOIA request before suing that agency in federal court, *see Hidalgo v. FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003).  Namely, after receiving a FOIA request, the statute requires that the agency "determine . . . whether to comply with such request and . . . immediately notify the person making

such request of . . . such determination and the reasons therefor . . . [and] the right of such person to appeal to the head of the agency." 5 U.S.C. § 552(a)(6)(A)(i). "If the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit." *Citizens for Resp. & Ethics in Wash. ("CREW") v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Also, if "the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003); *see also Oglesby*, 920 F.2d at 64-65.

With respect to a request made to the Department, in general a requester exhausts their administrative remedies by appealing an adverse determination administratively to the Department's Office of Information Policy, *see* 28 C.F.R. § 16.8(a). According to the Department's regulation, an adverse determination includes, but not limited to, decisions that the request does not reasonably describe the records sought, decisions that the information requested is not a record subject to the FOIA, or denials involving fees or fee waiver matters. *Id.* § 16.6(d).

Here, the record is undisputed that Plaintiffs received an adverse determination on their public interest fee waiver request and Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3). Mot. (ECF No. 13) 7-9. More specifically, the FBI advised Plaintiffs that their request for a public fee waiver was reviewed and denied. *See* Seidel Decl. (ECF No. 13-1) ¶ 14. Also, the FBI advised Plaintiffs that Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3) were improper FOIA requests and would be administratively closed. *Id.* ¶¶ 21-22, 25-26. Each determination was in writing and included an explanation of the denial and clear instructions regarding appeal rights. *Id.* ¶¶ 9, 19, 21-23, 25-26. Plaintiffs do not dispute the contents of each determination, nor do they deny that they received the FBI's determinations. *See* Pl. Resp. to

Def.'s Stmt. of Material Facts (ECF No. 22-1) ¶¶ 4, 8-12, 14-18.  As this Court recognized, to foreclose constructive exhaustion and require a requester to file an administrative appeal, an agency need only satisfy the requirements of 5 U.S.C. § 552(a)(6)(A), which is precisely what the FBI did in this matter.  *See Nat'l Sec. Couns. v. CIA*, 931 F. Supp. 2d 77, 97 (D.D.C. 2013) (citations omitted).  Accordingly, once the FBI issued those adverse or final determinations, Plaintiffs were obligated to make an administrative appeal to allow the FBI an opportunity to consider their arguments and develop an administrative record.  *See Oglesby*, 920 F.2d at 66.

Further, Plaintiffs' reliance on an out-of-Circuit district court case, *W. Legal Res. Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, Civ. A. No. 19-1119, 2020 WL 6829767 (D. Ore. Nov. 20, 2020), is misplaced.  In *Western Legal*, 2020 WL 6829767, at *2, before the plaintiff filed its lawsuit in district court, the agency made a few interim releases and the interim release stated, "[a]lthough we do not consider this a denial of your request, you have the right to file an administrative appeal if you are not satisfied with our response to your FOIA request."  Notably, the agency's regulation noted that interim responses do not constitute determinations.  *Id.* at *4 (citing 15 C.F.R. § 4.7(b)).  After plaintiff filed its lawsuit in district court, the agency issued a final response. *Id.* The court, determined, amongst other things, that the plaintiff exhausted its administrative remedies because the agency failed to make a determination within thirty working days after receiving the request and before the plaintiff filed its complaint in district court.  *Id.* at *5-6.  The Court further explained that although the agency's letters advised the plaintiff of its right to appeal, the letters did not inform the plaintiff of "the scope of the documents" the agency intended to produce, but instead merely conveyed that the agency released the documents, and they listed the exemptions applied to that particular release.  *Id.* at *5.

Similarly, in *Waterkeeper Alliance v. U.S. Coast Guard*, Civ. A. No. 13-289 (RMC), 2014 WL 53514010, at *13 (D.D.C. Sept. 29, 2014), the Court determined, that the plaintiff exhausted its administrative remedies because the agency failed to sufficiently respond to the plaintiff's request until after the lawsuit suit was filed in Court.  Also, in *In Defense of Animals v. National Institutes of Health*, 543 F. Supp. 2d 83, 90-91, 97 (D.D.C. 2008), the Court decided that the agency's response did not trigger the exhaustion requirements because the agency failed to notify the plaintiff of its right to appeal and did not indicate whether it intended to comply or not comply with the plaintiff's entire request.

Unlike in *Western Legal*, *Waterkeeper*, and *Defense of Animals*, Plaintiffs in this matter had an adverse final determination for both of its public interest fee waiver request and FOIA Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3), triggering the exhaustion requirements. Not only did the FBI specifically advise Plaintiffs of the request number assigned to each request, the associated subject of the request, and clear instructions regarding appeal rights, the FBI also unequivocally notified Plaintiffs of the determination to deny the public interest fee waiver request and administratively closed Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3).  The FBI's determinations regarding the public interest fee waiver request and the remaining FOIA requests unquestionably satisfy the requirements of 5 U.S.C. § 552(a)(6)(A) and the Department's regulations pertaining to adverse determinations under 28 C.F.R. § 16.6(d). Further, each determination was issued well before Plaintiffs filed their Complaint in this Court on February 22, 2023.  Because the FBI "made and communicated its 'determination[s]' in a timely manner, the [Plaintiffs were] required to administratively appeal [those] 'determination[s]' before bringing suit."  *CREW*, 711 F.3d at 182; *see also Wilbur*, 355 F.3d at 677.  Plaintiffs made no attempt to present for administrative review any objections they may have had to the FBI's

handling of the public interest fee waiver and Requests Nos. 1561770-000 and 1561282-000 (Items 2 and 3), and if exhaustion of remedies is to have meaning, it surely must bar review of these claims now. *See, e.g.*, *Dettmann*, 802 F.2d at 1477 (the FBI explained its policy to the requester in its initial response and the requester did not object to the policy at the administrative level; thus, on appeal, the D.C. Circuit declined to address the merits of the policy, instead denying the requester's claim on the ground that she had "fail[ed] to exhaust her administrative remedies.").

The requirement of exhausting administrative appeals is a key part of the FOIA process, and the D.C. Circuit has long recognized the importance of FOIA exhaustion. *See, e.g., Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985) ("Exhaustion of [administrative] remedies is required under the [FOIA] before a party can seek judicial review."); *Dettmann*, 802 F.2d at 1476 ("It goes without saying that exhaustion of remedies is required in FOIA cases."). When applying this Circuit's guidance from *Wilbur* and *Hidalgo*, a clear principle emerges: failure to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review and denies the agency an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process. *See Hidalgo*, 344 F.3d at 1258-59; *Wilbur*, 355 F.3d at 677. FOIA's exhaustion requirement helps promote efficient and effective administration of the statute. It is undeniable that the purposes of the exhaustion requirement would be undermined if Plaintiffs could seek judicial review before it pursued the appeal requested by the Department's FOIA regulations. Accordingly, this Court should grant summary judgment in the Department's favor and not allow Plaintiffs to circumvent their exhaustion requirements.

**CONCLUSION**

For the foregoing reasons, and those set forth in Defendant's Motion, the Court should grant Defendant's Motion without a hearing and dismiss this matter.

Dated: April 4, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Stephanie R. Johnson* _____
    STEPHANIE R. JOHNSON
    D.C. Bar # 1632338
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*